Brian D. Miller [SBN 117262]
Bradd L. Milove [SBN 117221]
Miller & Milove
750 "B" Street, Suite 1880
San Diego, California 92101
Telephone: (619) 696-5200
Facsimile: (619) 696-5393

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEINRICH P. HARDT, ARACELI HARDT, individually and as Trustees of the HARDT Family Trust,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECT INVEST LLC, a Delaware Limited Liability Company, DIRECT INVEST MANAGER LLC, a Delaware Limited Liability Company, DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO. 3:11-CIV-01191-L-WVG<br><br>DECLARATION OF BRIAN D. MILLER IN OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY PROCEEDING<br><br>DATE:    September 19, 2011<br>TIME:    10:30 a.m.<br>CTRM:   14<br>JUDGE:  Hon. M. James Lorenz |

I, Brian D. Miller, declare from my personal knowledge as follows:

1. I am an attorney at law licensed to practice before this Court and am counsel for Plaintiffs herein.

2. The arbitration provision which Defendants seek to enforce reads as follows:

> 8.17 <u>Arbitration of Disputes.</u> Any dispute, claim or controversy arising out of or related to this Agreement, the breach hereof, the termination, enforcement, interpretation or validity hereof, or an investment in the Interests shall be settled by arbitration in New York, New York, in accordance with the rules of The American Arbitration Association, and judgment entered upon the award rendered may be enforced by appropriate judicial action pursuant to New York law. **The arbitration panel shall consist of one (1) member, which shall be selected by the Property Manager from the list of pre-approved arbitrators listed on Exhibit "D" hereto.** The losing party shall bear any fees and expenses of the arbitrator, other tribunal fees and expenses, reasonable attorney's fees of both parties, any costs of producing witnesses and any other reasonable costs or expenses incurred by him or the prevailing party or such costs shall be allocated by the arbitrator. The arbitrator shall render a decision within thirty (30) days following the close of presentation by the parties of their cases and any rebuttal. The arbitrator shall determine any prehearing procedures or further procedures necessary for the arbitration to proceed, including interrogatories or other discovery.

See PURCHASE AGREEMENT and ESCROW INSTRUCTIONS, Exhibit "1" to the Declaration of Jeff Clary at p. 11. I have attempted to determine who the "Property Manager" is, who according to the terms of the above quoted arbitration clause, selects the one (1) arbitrator who would issue a binding award.

3. The Purchase Agreement provides in its first paragraph "All terms with initial capital letters not otherwise defined herein shall have the meanings set forth in the Memorandum." Ex. "1" to the Clary Decl. at p. 1. The Memorandum is defined as the "Confidential Private Placement Memorandum of Seller dated August 10, 2007. Ex. "1" to Clary Decl.

4. Notwithstanding the language of the PURCHASE AGREEMENT AND ESCROW INSTRUCTIONS, I am unable to locate within the lengthy Direct Invest - Braintree Park LLC offering memorandum, any definition for the term Property Manager. As close as I could come was to locate the defined term "Manager," which is defined as

2

1 Direct Invest Manager LLC, a moving Defendant, which is the Manager of the Braintree
2 Park property. Attached as Ex. "1" and "2" are the first pages of the DIRECT INVEST
3 Confidential Private Placement Memorandums for (1) Direct Invest - Braintree Park, LLC
4 and (2) Direct Invest - Heron Cove, LLC.

5     5. I conducted a similar analysis with respect to the same arbitration clause
6 contained within Ex. "2" to the Clary Declaration, the Direct Invest - Heron Cove, LLC
7 Confidential Private Placement Memorandum. I arrived at the same conclusion: "Property
8 Manager" is not a defined term and as best I can figure it is a reference to moving
9 Defendant Direct Invest Manager LLC., the "Manager" of the Heron Cove property.

10     6. It is true as stated in the Declaration of Brandon S. Reif in Support of
11 Defendants' Motion to Compel Arbitration and Request to Stay Proceedings that I
12 suggested to defense counsel that the dispute be arbitrated in the American Arbitration
13 Association in San Diego. My recollection is that I indicated that the New York venue
14 provision was inappropriate in light of the Hall v. Superior Court, opinion, cited in
15 Plaintiffs' opposition memorandum.

16     7. Plaintiffs have filed another arbitration proceeding against the FINRA
17 registered broker-dealers involved in the Braintree Park and Heron Cove offerings. That
18 arbitration is entitled Hardt v. LPL Financial, LLC, et al., FINRA Dispute Resolution Case
19 No. 11-00347. A panel of three (3) arbitrators have has been selected in that proceeding
20 and San Diego has been selected as the venue for the hearing, presently scheduled for
21 December 2011. Attached hereto as Exhibit "3" is the FINRA Case Information Sheet for
22 the Hardt v. LPL Financial LLC, et al. matter. The San Diego venue for the arbitration
23 hearing in Hardt v. LPL Financial LLC, et al. is consistent with FINRA's Code of
24 Arbitration Procedure for Customers. Dispute Rule 12213(a) provides:

25     **12213. Hearing Locations**
26     **(a) U.S. Hearing Location**
27     (1) The Director will decide which of FINRA's hearing locations will be the hearing location for the
28 arbitration. <u>Generally, the Director will select the</u>

MILLER & MILOVE
SYMPHONY TOWERS
750 "B" STREET, SUITE 1880
SAN DIEGO, CALIFORNIA 92101
OFFICE: (619) 696-5200 ❖ FACSIMILE: (619) 696-5393

<u>hearing location closest to the customer's residence at the time of the events giving rise to the dispute</u>, unless the hearing location closest to the customer's residence is in a different state, in which case the customer may request a hearing location in the customer's state of residence at the time of the events giving rise to the dispute.

(2) Before arbitrator lists are sent to the parties under Rule 12403, the parties may agree in writing to a hearing location other than the one selected by the Director.

(3) The Director may change the hearing location upon motion of a party, as set forth in Rule 12503.

(4) After the panel is appointed, the panel may decide a motion relating to changing the hearing location.

(Emphasis added.) Plaintiffs request that the Court take judicial notice of this FINRA venue rule.

8. Plaintiffs would be willing to settle this dispute with Defendants herein in the pending FINRA arbitration proceeding if Defendants would consent to the jurisdiction of the Panel. We have not previously named Defendants in that proceeding since they would have to voluntarily consent to the jurisdiction of the FINRA Panel. Plaintiffs' counsel is not opposed to arbitration, however, we do oppose enforcement of the one-sided arbitrator selection, venue and choice of law clauses which Defendants seek to enforce for the reasons set forth in the accompanying memorandum of points and authorities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of September, 2011 at San Diego, California.

s/ Brian D. Miller
Brian D. Miller
Attorney for Plaintiffs
E-Mail: miller@millerandmilove.com