UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEINRICH P. HARDT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIRECT INVEST LLC, *et al.*, <br><br> Defendants. | Case No. 11-cv-1191-L(WVG) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL [DOC. 20]** |

Pending before the Court is Plaintiffs Heinrich P. Hardt and Araceli Hardt's motion to certify an interlocutory appeal. Plaintiffs request the certification of the January 31, 2012 Order compelling arbitration and staying the case for immediate review by the Ninth Circuit Court of Appeals. Defendants Direct Invest LLC and Direct Invest Manager LLC oppose.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 22.) For the following reasons, the Court **DENIES** Plaintiffs' motion to certify interlocutory appeal.

//
//
//

## I. BACKGROUND

This action involves two real-estate investments that Plaintiffs purchased in Braintree, Massachusetts ("Braintree Park") and, separately, in Merrimack, New Hampshire ("Heron Cove"). (Compl. ¶¶ 5–7.) The parties completed both transactions through written and signed purchase agreements. Both parties signed the Braintree Park Purchase Agreement ("BPPA") on December 3, 2007, and the Heron Cove Purchase Agreement ("HCPA") on March 4, 2008. (*Id.*)

Both purchase agreements contain identical arbitration clauses. (BPPA ¶ 8.17, HCPA ¶ 8.17.) The arbitration clauses state, in pertinent part:

> Any dispute, claim or controversy arising out of or related to this Agreement, the breach hereof, the termination, enforcement, interpretation or validity hereof, or an investment in the Interests shall be settled by arbitration in New York, New York, in accordance with the rules of The American Arbitration Association, and judgment entered upon the award rendered may be enforced by appropriate judicial action pursuant to New York law. The arbitration panel shall consist of one (1) member, which shall be selected by the Property Manager from the list of pre-approved arbitrators listed in Exhibit "D" hereto. The losing party shall bear any fees and expenses of the arbitrator, other tribunal fees and expenses, reasonable attorney's fees of both parties, any costs of producing witnesses and any other reasonable costs or expenses incurred by him or the prevailing party or such costs shall be allocated by the arbitrator.

(*Id.*)

On April 26, 2011, Plaintiffs, individually and as trustees of the Hardt Family Trust, commenced this action in San Diego Superior Court, asserting four state-law causes of action: (1) securities fraud, (2) common-law fraud and deceit, (3) negligence and negligent misrepresentation, and (4) elder abuse. At the heart of these claims are Plaintiffs' allegations that Defendants made false and misleading statements, and omissions of material facts that induced them to purchase these properties, which are "both imploding and on the verge of foreclosure." (Compl. ¶¶ 7–8, 15.) Thereafter, Defendants removed the case to this Court.

On June 21, 2011, Defendants filed a motion to compel arbitration and stay proceedings pending the outcome of the arbitration. (Doc. 10.) The Court granted that motion, finding that Plaintiffs had failed to meet their burden to establish a factual basis for any defense to enforcement. (January 31, 2012 Order 5:17–6:16.) Plaintiffs now move for an order certifying an interlocutory appeal of the January 31, 2012 Order. Defendants oppose.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an "otherwise unappealable" order for interlocutory review. In order to certify the order, the court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The moving party bears the burden of demonstrating these prerequisites. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

The burden of showing that these circumstances exist is a heavy one. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1069 n.6 (9th Cir. 2002). The Ninth Circuit has stressed that § 1292(b) is to be applied sparingly and only in exceptional situations in which an interlocutory appeal would help avoid protracted and expensive litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 n.2 (9th Cir. 1966) (per curiam). A district court has substantial discretion in deciding whether to grant a party's motion for certification. *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), *rev'd in part on other grounds*, 106 F.3d 1125 (2d Cir. 1997).

## III.   DISCUSSION

In light of the legislative policy underlying § 1292 that the statute be used only in exceptional circumstances, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. If, by contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).
//
//
//

Plaintiffs argue that "[p]ractical considerations dictate an interlocutory appeal at a time when the file is thin and the controlling issue of law over which there are substantial grounds for difference of opinion will further the resolution of the dispute." (Pls.' Mot. 13:6–9.) No further explanation is given in Plaintiffs' motion. Furthermore, at this point, the parties both agree that arbitration is appropriate, but they disagree as to where the arbitration proceedings should take place. If arbitration will occur regardless of the outcome of the appeal, then resolution of this litigation would only be delayed by an interlocutory appeal. Consequently, the Court concludes that an immediate appeal will likely delay, rather than advance, the end of this action. Therefore, Plaintiffs fail to meet their burden under § 1292 to show that it is likely that an appeal will materially advance the ultimate termination of this litigation. *See Couch*, 611 F.3d at 633.

In addition to Plaintiffs' failure to meet their burden, the Court also notes that certifying an interlocutory appeal for the order compelling arbitration also "would frustrate the decidedly pro-arbitration tilt of the Federal Arbitration Act, with its concomitant policy of avoiding unnecessary delays in prosecuting arbitrations in part through the discouragement of immediate appellate review of orders compelling arbitration." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc. (AZ)*, No. CV 02-1059-PHX-PGR, 2004 WL 5376210, at *1 (D. Ariz. July 28, 2004) (citing 9 U.S.C. § 16(b) (barring an immediate appeal of an order compelling arbitration absent a § 1292(b) certification)); *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002) ("Unnecessary delay of the arbitral process through appellate review is disfavored." (citations omitted)). Although an order compelling arbitration may under some circumstances appropriately be a subject for certification, in this context and on this record, the Court finds that certification would not be appropriate. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

//
//
//
//
//

**IV.   CONCLUSION & ORDER**

In light of the foregoing, the Court **DENIES** Plaintiffs' motion to certify an interlocutory appeal.  (Doc. 20.)

**IT IS SO ORDERED.**

DATED: February 6, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL